UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: **99-8317**

------------------------------x

**CIV - FERGUSON**

WEBPOWER, INC.

Plaintiff,

**MAGISTRATE JUDGE SNOW**

- against -

DREAMSELLER GLOBAL MEDIA CO.
and JOEL WILLIAMS,

Defendants.

------------------------------x

## COMPLAINT

Plaintiff, WebPower, Inc. ("**WPI**"), by its attorneys, Greenberg Traurig, as and for its Complaint herein, allege as follows:

### Parties and Jurisdiction

1. WPI is a corporation organized and existing under the laws of the State of Florida, with a business address at 3918 Via Poinciana, Suite 4, Lake Worth, Florida 33467.

2. Upon information and belief, Defendant Dreamseller Global Media Company ("**DGM**") is an unincorporated business entity with a business address at 32 Saddlestone Court, Third Floor, Baltimore, Maryland 21117.

3. Upon information and belief, defendant Joel Williams ("**Williams**") is a resident of the state of Maryland. Defendant Williams is designated as the "billing contact" for DGM's "ifriends.com" Internet web site and has further been expressly authorized to collect revenues generated by DGM's "ifriends.com" site. Upon further information and belief, Defendant Williams is the "alter ego" of Defendant DGM because, at all relevant times, Williams controlled DGM such that DGM did not have a will of its own; Williams is the sole officer and director of DGM; Williams used his personal funds to capitalize DGM and continue its operations, and the principal assets of DGM are held personally by Williams. Accordingly, under the doctrine of "alter ego" or "piercing the corporate veil," Williams is liable to WPI for all acts described herein undertaken by or in the name of DGM.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) because it arises under the Trademark Laws of the United States, 15 U.S.C. § 1051 et seq. This Court has jurisdiction over the state law claims herein under 28 U.S.C. § 1367 under the rules of supplemental jurisdiction. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). A substantial part of the events or omissions giving rise to WPI's claims occurred in this judicial district.

## Factual Allegations Common to All Claims

5. The Internet is an international network of networks of interconnected computers, that permits people throughout the world to communicate with one another and to access vast amounts of information. Upon information and belief, the Internet was created as a communications network linking various agencies of the United States government, the United States military and educational institutions, and was created with public funds.

6. The World Wide Web consists of a vast number of documents stored in different computers around the world, organized into hypertext documents which may be retrieved by Internet users utilizing "browser" software. Internet users may access millions of sites on the World Wide Web ("web sites"), which contain information and links to other information.

7. Every web site is identified by a numerical address called an IP address, and is also identified by an alpha-numeric "domain name" (for example, "name.com") that resolves to the corresponding numeric IP address for that site. The domain name is a unique identifier which designates a set of computers on the Internet in the same way that a street address designates a physical location.

8. Using a domain name is the simplest way of locating a web site. To make it easier to find their Web sites, individuals and companies prefer to have a recognizable domain name. As such, use of a trademark in an Internet domain name can be valuable to the trademark holder.

9. Commercial enterprises in the United States have, at this time, three "top-level" domains available to them – ".net" ".com" and ".org." The ".com" domain is generally considered to be the most valuable, because Internet users have become used to finding businesses by entering the business name plus the .com designator.

10. Domain names are centrally registered in the United States through a company known as Network Solutions, Inc. ("**NSI**"). NSI has an exclusive contract with the Federal government to handle domain name registrations. Although this contract expires this year and domain name registration is likely to become a competitive business, at all times relevant herein, NSI was the exclusive registration agency for domain names in the United States. Domain name registrations with NSI are valid for two year periods.

## WPI's Use of the iFriends Marks for its iFriends Service

11. WPI owns and operates an web site service offered under the service marks "iFriends" and "Intimate Friends Network," (the "**iFriends Service**").

12. The iFriends Service is an interactive communication service provided via the Internet and featuring text, video, and audio capabilities, the latter two of which capabilities are facilitated by use of "webcam" technology. A "webcam" is a video camera connected to a computer, which allows for the real-time transmission of video images and sounds over the Internet. Users of the iFriends Service can thus communicate in real time by transmitting text messages, video images, and sounds via the Internet to other parties.

3

13. The iFriends Service provides a variety of themed "channels" for users to participate in video chats. These include adult entertainment services, family-oriented international chat services (which provide an economical alternative to conventional international video teleconferences), an electronic dating service, advice about interpersonal relationships, and astrology and horoscope forecasting.

14. Since early February 1998, the iFriends Service has been accessible on the World Wide Web portion of the Internet at the Universal Resource Locator ("URL") "ifriends.net."

15. WPI owns the following pending trademark applications in the United States Patent and Trademark Office (collectively, the "iFriends Marks"): Application Nos. 75/637,780, 75/637,781, 75/637,782 for, respectively, the marks IFRIENDS, INTIMATE FRIENDS NETWORK, and IFRIENDS INTIMATE FRIENDS NETWORK and Design, each covering "video and audio conferencing services rendered via a global computer network" and "entertainment services accessible through a global computer network, namely live and prerecorded adult-themed and general-interest performances; providing courses of instruction on a broad range of subjects via a global computer network." All of the foregoing iFriends Marks have been used since early February 1998.

16. WPI has expended in excess of $ 2,000,000 (two million dollars) in advertising and promoting the iFriends Service to Internet users. As a result, the iFriends marks are well known to the relevant public.

17. WPI has made extensive use of the iFriends Marks in advertising and promotion. Since the launch of the iFriends Service in February 1998, WPI has developed a reputation for its high-quality iFriends Service, which has been an unqualified commercial success. Approximately 500,000 (five hundred thousand) separate customers visit WPI's "ifriends.net" web site each month. These customers generate approximately **7,000,000 (seven million) "page views" each week** on the "ifriends.net" site.

18. The iFriends Service and the iFriends Marks have generated considerable unsolicited favorable media coverage. Segments featuring the iFriends Service have aired on the

national radio and television programs hosted by the celebrity radio personality Howard Stern, and on the nationally syndicated television program "Hard Copy." The iFriends Service has also been repeatedly mentioned and discussed by Dr. Susan Block, a therapist with a popular nationally syndicated radio program. WPI and the iFriends Service garnered additional high-profile media coverage on Howard Stern's national radio program and in other high-profile media outlets during the week of April 15, 1999 in response to the development of innovative new products and services offered on the iFriends Service and on other web sites operated by WPI. Displays highlighting these new products and features and the iFriends Service were showcased at the Erotica trade show at the Jacob Javits Convention Center in New York City, where they also attracted substantial media attention during the week of April 15, 1999. Such unsolicited media coverage clearly demonstrates that the iFriends Service and the iFriends Marks have achieved substantial fame and notoriety, and have come to be closely associated with WPI's high quality service.

### DGM's Wrongful Conduct

19. Defendant DGM obtained control of the Internet domain name "ifriends.com" on September 23, 1998, and upon information and belief, agreed to the terms and conditions of NSI's Domain Name Registration Agreement, which required DGM to represent and warrant to NSI that:

> "registration of the selected Domain Name [ifriends.com], to the best of the Registrant's [i.e. DGM's] knowledge, does not interfere with or infringe upon the rights of any third party. The Registrant also represents that the Domain Name is not being registered for any unlawful purpose."

Upon information and belief, Defendant DGM knowingly breached the foregoing representation and warranty, because it knew of WPI's successful iFriends Service and expressly intended to mislead consumers by trading on WPI's goodwill and diverting web traffic intended for WPI's iFriends Service to Defendant DGM's "ifriends.com" web site.

5

20.     On or about September 30, 1999, DGM Defendant DGM began a preliminary, skeletal "under construction" version of its site with a prominently placed title reading "NEW iFriends Live Chat Supersite." This version of the site offered viewers the opportunity to join an electronic mailing list by providing their personal e-mail addresses, so as to be informed when the site became fully operational. Upon information and belief, this personal information was collected and stored to DGM to build a database of potential customers looking for additional services offered by WPI.

21.     In March 1999, Defendant DGM began advertising and offering a video chat service at the URL ifriends.com. The services offered by DGM on the ifriends.com site are nearly identical in nature to the services offered by WPI on the iFriends Service under the iFriends Marks.

22.     Upon information and belief, DGM registered the domain name "ifriends.com" with actual knowledge of WPI's prior and well-established rights in the iFriends Marks and with the express intent to trade upon and to benefit from the widespread recognition and fame of the name and mark and valuable goodwill symbolized thereby, which belong exclusively to WPI.

23.     DGM's use and registration of the domain name ifriends.com has been without the permission or authorization of WPI.

24.     There have been numerous and pervasive instances of actual confusion between WPI's iFriends Service and the service rendered at Defendant DGM's ifriends.com web site, which was first rendered more than a year after WPI began offering its iFriends Service under the iFriends Marks.

25.     On March 26, 1999, WPI sent DGM a letter demanding that DGM cease and desist from its unauthorized use of the iFriends Marks. During the week of April 15, 1999, DGM made changes to its site to refer to its service as follows in a heading on its home page: "IFRIENDS.COM IS PROUD TO PRESENT OUR NEWEST SUPERSITE: TABOO!CHAT.COM www.taboochat.com The Live Video Chat Network." At the bottom of

the redesigned page is a legend reading: "Current Members: Don't worry, your username will still work at our new site." This legend is followed by a copyright notice that reads as follows: "Copyright © 1999 TWMG d/b/a Taboo Chat Online. All Rights Reserved. iFriends.com(TM) is not affiliated with iFriends.net."

      26. On or about April 22, 1999, DGM changed the "ifriends.com" site yet again. The site now includes a prominent header:

iFriends.com

www.iFriends.com

VIP CLUB

The following text appears beneath the header:

"We're building a new Online Community for people to interact and share ideas and stories.

We're looking for input from our members. This community will belong to you and we encourage you to participate. It will take a little while to grow, but it'll be worth it.

In the meantime, we invite you to join our free VIP CLUB. We'll send you your personal password. You'll also receive more information about this exciting new project and news from the wonderful world of iFriends.com.

Enter your email address for more info and password. Join our free VIP Club." This text is followed by a box in which viewers are to provide their e-mail addresses.

      It is clear from the foregoing that notwithstanding certain changes belatedly made in response to WPI's demand letter and after threat of litigation, DGM continues to use "IFRIENDS" as a trademark and as a domain name for the purpose of deliberately misdirecting to itself customer traffic intended for WPI.

7

## First Claim for Relief

## Common-Law Trademark Infringement and Unfair Competition

27.     WPI repeats and realleges paragraphs 1 through 25 of the Complaint as though fully set forth herein.

28.     Continuously since February 1998, WPI has been using the iFriends Marks, which have achieved widespread consumer recognition in the relevant market and which uniquely identify WPI's high-quality, well-regarded services.

29.     More than a year after the launch of WPI's highly successful iFriends Service and in derogation of WPI's established trademark rights, DGM willfully began using the identical mark "iFriends" at its "iFriends.com" web site to identify its directly competing interactive service. DGM's conduct constitutes trademark infringement of WPI's common-law rights to the iFriends Marks, and "passing off" of its services as WPI's services, all in violation of 15 U.S.C. § 1125(a) and to the irreparable harm of WPI and WPI's goodwill in the iFriends Marks.

30.     DGM's unauthorized use of "iFriends" as a trade name and as a mark to identify its own services has already given rise to extensive actual confusion, mistake, and deception of consumers as to the source, origin, sponsorship, and affiliation of DGM's services, also in violation of 15 U.S.C. § 1125(a) and to WPI's irreparable harm.  Unless enjoined by this Court, DGM's continued unauthorized use of any of the iFriends Marks is certain to cause further such confusion, as well as irreparable harm to WPI.

## Second Claim for Relief

## Trademark Dilution in Violation of Federal Law

31. WPI repeats and realleges paragraphs 1 through 29 of the Complaint as though fully set forth herein.

32. WPI's iFriends Marks are strong, distinctive, and famous within the meaning of 15 U.S.C. §1125(c)(1).

33. DGM's unauthorized use of WPI's iFriends Marks has caused, and, unless enjoined by this Court, will continue to cause, a diminution, blurring, and whittling away of consumers' exclusive association of WPI's iFriends Marks --- and the considerable goodwill they represent-- exclusively with WPI, all to the irreparable harm of WPI.

34. DGM's unauthorized use of WPI's iFriends Marks has caused, and, unless enjoined by this Court, will continue to cause the dilution by tarnishment of WPI's iFriends Marks by creating a false association with inferior services not provided or endorsed by WPI, all to the irreparable harm of WPI.

35. DGM's acts hereinabove pleaded constitute federal trademark dilution within the meaning of 15 U.S.C. § 1125(c).

36. DGM's acts hereinabove pleaded, particularly in light of its continued unauthorized use of WPI's iFriends Marks after receiving a written cease and desist demand to refrain from so doing prior to WPI's commencement of this action, demonstrate Defendants' willful intent to trade on WPI's reputation and cause the dilution of the iFriends Marks in violation of 15 U.S.C. § 1125(c).

### Third Claim for Relief

### Unfair Competition and Trademark Dilution in Violation of Florida Law

37.  WPI repeats and realleges paragraphs 1 through 35 of the Complaint as though fully set forth herein.

38.  By virtue of the acts hereinabove pleaded, DGM has injured WPI's business reputation in violation of Fla. Stat. Ann § 495.151.

39.  By virtue of the acts hereinabove pleaded, DGM has diluted the distinctiveness of WPI's iFriends Marks in violation of Fla. Stat. Ann. § 495.151.

40.  By virtue of the acts hereinabove pleaded, DGM has engaged in unfair, unconscionable, and deceptive business practices, including "passing off" of its services as WPI's iFriends Service in violation of Fla. Stat. Ann. § 501.204.

### Fourth Claim for Relief

### Unjust Enrichment

41.  WPI repeats and realleges paragraphs 1 through 39 of the Complaint as though fully set forth herein.

42.  DGM has intentionally misappropriated WPI's iFriends Marks and thereby deprived WPI of revenues and profits that would have accrued to WPI but for DGM's intentional misappropriation. Consequently, DGM has been unjustly enriched at WPI's direct expense.

**WHEREFORE**, WebPower Inc. prays for judgment as follows:

a.  An Order preliminarily and permanently enjoining and restraining DGM, and its officers, agents, servants, employees and attorneys and those persons in active concert or participation with them from using the trade name "ifriends" and any of the iFriends Marks or any designation confusingly similar thereto, alone or in combination with other words as a trade name component

or otherwise, to market, advertise, or identify any of DGM's services and products, or otherwise infringing WPI's trademarks;

b.  An Order preliminarily and permanently enjoining and restraining DGM, and its officers, agents, servants, employees and attorneys and those persons in active concert or participation with them from using in any manner the designation iFriends.com or any other designation confusingly similar to any of the iFriends marks as Internet domain names, as trade names, or in any other manner;

c.  An Order preliminarily and permanently enjoining and restraining DGM, and its officers, agents, servants, employees and attorneys and those persons in active concert or participation with them from using in any manner the designation iFriends.com or any other designations which are confusingly similar to the iFriends Marks or from otherwise using any other false descriptions or representation or any false designations of origin as trademarks, service marks, trade names and/or any other designations in connection with the advertising, promotion, offering for sale of any goods or services related to those offered by WPI;

d.  An Order preliminarily and permanently enjoining and restraining DGM, and its officers, agents, servants, employees and attorneys and those persons in active concert or participation with them from committing any acts of unfair competition and unfair business practices with respect to WPI and its iFriends Marks;

e.  An order directing DGM to arrange for the transfer ownership of the ifriends.com domain name to WPI;

f.  An order directing DGM to file with this Court and serve on WPI within thirty (30) days after the service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which DGM has complied with the injunction;

g.  An award to WPI of its damages suffered as a result of DGM's unlawful conduct;

11

h.  A trebling of the damages and profits awarded to WPI on account of DGM's willful infringement and dilution of WPI's trademarks, unfair competition, and passing off;

i.  Awards to WPI of such punitive damages as are appropriate in view of the willful conduct on the part of DGM;

j.  Awards of punitive and exemplary damages against DGM and in favor of WPI of $5,000,000 under state law claims because of DGM's willful acts of unfair competition;

k.  An award to WPI of its costs and disbursements in this action including attorneys' fees incurred in connection with this action; and

l.  Such other and further relief as to the Court seems just and proper.

> GREENBERG, TRAURIG, P.A.
> 777 South Flagler Drive, Suite #300E
> West Palm Beach, FL 33401
> Telephone: (561) 650-7900
> Facsimile  (561) 655-6222
>
> By: _____
> STEVEN L. SCHWARZBERG
> Florida Bar No.: 306134
> -and-
> ALAN N. SUTIN
> Greenberg Traurig
> A Partnership of Limited Liability Entities
> 200 Park Avenue
> New York, New York  10166
> Telephone: (212) 801-9200

219791

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM).

99-8317

## I. (a) PLAINTIFFS

WEBPOWER, INC.

## DEFENDANTS

DREAMSELLER GLOBAL MEDIA CORP.
JOEL WILLIAMS

CIV-FERGUSON

MAGISTRATE JUDGE
SNOW

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Maryland (State of)
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

A WPB/99CV 8317-WDF-Snow

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Steven L. Schwarzberg, Esq.
777 So. Flagler Dirve, #300E
West Palm Beach, FL 33401  561-650-7900

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, **PALM BEACH**, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R R & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 690 Other | ☒ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | A☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | B☐ 540 Mandamus & Other | A☐ 791 Empl Ret Inc Security Act | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

15 USC 1051 et seq.
15 USC 1125

LENGTH OF TRIAL
via 3 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE: April 23, 1999

SIGNATURE OF ATTORNEY OF RECORD
Steven L. Schwarzberg, Esq.  306134

FOR OFFICE USE ONLY

RECEIPT # 710268  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____